IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 08-20097-CR-DLG

UNITED STATES OF AMERICA,

                Plaintiff,      JULY 9, 2010
                                 2:25 P.M.

   vs.

LEONARDO VASQUEZ ESTRADA,

                Defendant.     PAGES 1 THROUGH 18

---

TRANSCRIPT OF CHANGE OF PLEA

BEFORE THE HONORABLE DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE


**APPEARANCES:**

FOR THE PLAINTIFF:    Ms. Andrea Hoffman, AUSA
                         OFFICE OF U.S. ATTORNEY
                         99 N.E. 4th Street
                         Miami, Florida  33132


FOR THE DEFENDANT:    Mr. R. D'Arsey Houlihan, III, AFPD
                         FEDERAL PUBLIC DEFENDER'S OFFICE
                         15th Floor
                         150 W. Flagler Street
                         Miami, Florida  33130-1556


COURT REPORTER:       Carly L. Horenkamp, RMR, CRR
                         U.S. District Court
                         400 N. Miami Avenue, Room 13-4
                         Miami, Florida  33128
                         (305) 523-5138

```
 1          (Open Court, 2:25 p.m.)
 2          (Defendant aided by Court-Certified Spanish interpreter.)
 3              COURTROOM DEPUTY:  United States versus Leonardo
 4      Vasquez Estrada, 08-20097-Criminal-Graham.
 5              THE COURT:  Appearances, please.
 6              MS. HOFFMAN:  Andrea Hoffman for the U.S. Attorney's
 7      Office, Your Honor.  Good afternoon.
 8              THE COURT:  Good afternoon.
 9              MR. HOULIHAN:  Good afternoon, Your Honor, D'Arsey
10      Houlihan, Assistant Federal Public Defender, on behalf of
11      Leonardo Vasquez Estrada, who is present before the Court.
12              THE COURT:  Good afternoon.
13              Mr. Estrada, the Court has been advised that you would
14      like to change a previously entered plea of not guilty to
15      guilty.  Is that correct, sir?
16              THE DEFENDANT:  Yes.
17              THE COURT:  Please come to the lectern with your
18      attorney and thereafter raise your right hand so that you may be
19      sworn.
20                     LEONARDO VASQUEZ ESTRADA, SWORN
21              THE COURT:  You are now under oath, Mr. Estrada.  You
22      must tell the truth in this afternoon's proceeding.  If it is
23      determined that you have not told the truth, you could be
24      subject to another prosecution for perjury.  The term "perjury"
25      means lying under oath.  Do you understand?
```

```
 1              THE DEFENDANT:  Yes.
 2              THE COURT:  If you would like to speak with your
 3   attorney at any time throughout this hearing, please let me
 4   know.  Also, if I say anything that you do not clearly
 5   understand, bring the matter to my attention immediately.
 6   Understood?
 7              THE DEFENDANT:  Yes.
 8              THE COURT:  Please state your full name.
 9              THE DEFENDANT:  Leonardo Vasquez Estrada.
10              THE COURT:  How old are you?
11              THE DEFENDANT:  65.
12              THE COURT:  How far in school did you go?
13              THE DEFENDANT:  I work at a bank and yes, I finished
14   university.
15              THE COURT:  In what country did you attend the
16   university?
17              THE DEFENDANT:  In Mexico, Dias.
18              THE COURT:  Is the information in the indictment
19   incorrect?  In other words, it reads, Leonardo Estrada Vasquez,
20   and you described it as Leonardo Vasquez Estrada.  Is that
21   correct?  Which of the two is correct?
22              THE DEFENDANT:  Leonardo Vasquez Estrada.
23              THE COURT:  All right.  So the indictment is correct,
24   but the plea agreement and factual proffer is reversed.
25              MS. HOFFMAN:  I see that.  And ironically, Your Honor,
```

1  the signature line on the plea agreement I got correct and
2  inside the body of the plea agreement I got it correct.  I don't
3  know how I mixed it back and forth, Your Honor.  I'm sorry.
4          THE COURT:  All right.  At this time, sir, I would like
5  to ask you a few questions to ensure you understand this
6  afternoon's hearing.  Have you ever been treated for any mental
7  illness?
8          THE DEFENDANT:  No.
9          THE COURT:  Have you ever been treated for addiction to
10 a narcotic or non-narcotic drug?
11         THE DEFENDANT:  No.
12         THE COURT:  Are you presently under the influence of
13 any drug, medication, or alcoholic beverage of any kind?
14         THE DEFENDANT:  No.
15         THE COURT:  Have you received a copy of the indictment?
16         THE DEFENDANT:  Yes, I have.
17         THE COURT:  Have you had an opportunity to fully
18 discuss the allegations in the indictment and the case in
19 general with your attorney?
20         THE DEFENDANT:  Yes.
21         THE COURT:  Are you fully satisfied with the
22 representation and advice provided to you by your counsel?
23         THE DEFENDANT:  Yes, of course.
24         THE COURT:  At this time I would like to ask you a
25 series of questions which explain the rights you have in this

1  criminal proceeding.  Do you understand you have the right to
2  plead not guilty and the right to require the government to
3  prove your guilt beyond a reasonable doubt?
4         THE DEFENDANT:  Yes.
5         THE COURT:  Do you understand you have the right to a
6  trial by jury, during which you would have the right to the
7  assistance of an attorney?
8         THE DEFENDANT:  Yes.
9         THE COURT:  Do you understand you have a right to see
10 and hear all of the witnesses testify at trial and have the
11 government's witnesses cross-examined in your defense?
12        THE DEFENDANT:  Yes, that's correct.
13        THE COURT:  Do you understand you have the right on
14 your own behalf to decline to testify at trial unless you
15 voluntarily elect to do so?
16        THE DEFENDANT:  Yes.
17        THE COURT:  Do you understand you have the right to
18 have subpoenas issued for the production of witnesses or
19 exhibits in your defense at trial?
20        THE DEFENDANT:  Yes.
21        THE COURT:  Do you understand that by entering a plea
22 of guilty, if your plea is accepted, you will waive your right
23 to a trial and all other rights associated with a trial as I
24 previously explained?
25        THE DEFENDANT:  Yes, sir.

1    THE COURT:  Do you understand that if you are found
2 guilty of any offense in the indictment, there could be some
3 adverse action taken against you by the immigration authorities,
4 including deportation?
5    THE DEFENDANT:  Yes, yes.
6    THE COURT:  The offense to which you propose to plead
7 guilty is a felony offense.  If you are adjudged guilty you
8 could lose certain valuable civil rights in the United States of
9 America, including the right to vote, to serve on a jury, to
10 hold public office, and to possess a firearm of any kind.
11    THE DEFENDANT:  Yes, sir.
12    THE COURT:  I have a document captioned Plea Agreement.
13 It purports to have your signature on page 7.  Did you in fact
14 sign the plea agreement on page 7?
15    THE DEFENDANT:  Yes.
16    THE COURT:  Was the agreement read to you in the
17 Spanish language before you signed it?
18    THE DEFENDANT:  Yes.
19    THE COURT:  Did you understand the contents of the
20 agreement?
21    THE DEFENDANT:  Yes.
22    THE COURT:  Do you have any questions concerning the
23 agreement?
24    THE DEFENDANT:  No, not --
25    THE COURT:  You will recall that in paragraph 4 you

1  acknowledge understanding that as to Count 42, the Court may
2  impose a maximum term of 20 years imprisonment, followed by
3  supervised release of up to five years.  In addition, the Court
4  may impose a fine of $500,000 or twice the value of the property
5  involved in the transaction, whichever is greater.
6       Also, the Court must impose a special assessment in the
7  amount of $100.
8       Do you understand the consequences of your plea of
9  guilty?
10      THE DEFENDANT:  Yes.
11      THE COURT:  Your agreement makes reference to the
12 federal sentencing guidelines.  We are unable to tell you this
13 afternoon precisely what your guidelines will be.  The United
14 States Probation Office will prepare a presentence investigation
15 report, a copy of which you and your lawyer will receive prior
16 to sentencing.  You may review the report, and if you find any
17 factual inaccuracies or you disagree with the guideline
18 computation, you may file objections.  The Court will entertain
19 objections at the time of sentencing.  Do you understand?
20      THE DEFENDANT:  Yes.
21      THE COURT:  In some circumstances, the Court may impose
22 a sentence which is more or less severe than required by the
23 guidelines.  This is referred to as a departure from the
24 guidelines.  Departure issues are determined at the time of
25 sentencing.  Do you understand?

```
 1                THE DEFENDANT:  Yes, Your Honor.
 2                THE COURT:  Parole has been abolished.  If you are
 3   sentenced to a term of imprisonment, you will be released on
 4   supervised release and not parole.  Do you understand?
 5                THE DEFENDANT:  Yes, Your Honor.
 6                THE COURT:  You should understand that the Court may
 7   impose any sentence authorized by law and you may not withdraw
 8   your plea solely because you are unhappy with the sentence
 9   imposed.  Do you understand?
10                THE DEFENDANT:  Yes, Your Honor.
11                THE COURT:  Do you have any questions about matters
12   discussed thus far?
13                THE DEFENDANT:  No, Your Honor.
14                THE COURT:  Based upon the plea agreement, you propose
15   to plead guilty to Count 42 of the indictment.  Count 42 alleges
16   that from in or about 2003 through on or about November of 2007,
17   the exact dates unknown to the grand jury, in Miami-Dade County,
18   in the Southern District of Florida and elsewhere, that you,
19   sir, knowingly conspired and agreed with at least one other
20   person to commit certain offenses against the United States.
21   The government alleges that the offense was to knowingly conduct
22   financial transactions which affected interstate and foreign
23   commerce, and that the transactions involved the proceeds of
24   specified unlawful activity, knowing that the property involved
25   in the transactions represented the proceeds of some form of
```

1  unlawful activity, or knowing that the transactions were
2  designed to conceal and disguise the nature, location, source,
3  ownership, and control of the proceeds of the specified unlawful
4  activity.
5       The government alleges two unlawful activities.  Is the
6  government's theory in this case both of those unlawful
7  activities or just the fraud?
8       MS. HOFFMAN:  It is both, Your Honor.  The same acts
9  would meet both theories, Your Honor.
10      THE COURT:  All right.  The government alleges that the
11 unlawful activity in this case was an offense against a foreign
12 nation involving fraud or a scheme to defraud a foreign bank.
13 And also, the unlawful activity was an offense with respect to
14 which the United States would be obligated by multilateral
15 treaty either to extradite an offender or to submit the case for
16 prosecution if the offender was found or located within the
17 territory of the United States.
18      Essentially, the government is alleging a conspiracy to
19 commit the offense of money laundering.  Do you understand the
20 allegations in the indictment?
21      THE DEFENDANT:  Yes, sir.
22      THE COURT:  The government would have to prove that you
23 reached this agreement with at least one other person knowingly,
24 that is, intentionally and not because of mistake or accident.
25 Count 42 charges that you agreed with someone to commit the

```
 1   offense of money laundering, not that you actually committed the
 2   offense.  Do you understand, sir?
 3            THE DEFENDANT:  Yes, sir.
 4            THE COURT:  Any questions with respect to Count 42?
 5            THE DEFENDANT:  No, Your Honor.
 6            THE COURT:  I have received a factual proffer which
 7   describes your involvement in the offense and how you committed
 8   the offense.  Did you sign the factual proffer on page 3,
 9   Mr. Estrada?
10            THE DEFENDANT:  Yes, yes.
11            MS. HOFFMAN:  The signature line on that page is
12   incorrect, Your Honor, but he signed it correctly.
13            THE COURT:  All right.  Did you discuss the proffer
14   with your attorney?
15            THE DEFENDANT:  Your Honor, I didn't realize that my
16   name was incorrect when I signed it.
17            THE COURT:  All right.  But the specific question is,
18   did you discuss the information in the factual proffer with your
19   attorney?
20            THE DEFENDANT:  Yes, Your Honor.
21            THE COURT:  Do you agree that all of the facts stated
22   in the proffer are correct?
23            THE DEFENDANT:  Yes, Your Honor.
24            THE COURT:  Anything you would like to change with
25   regard to the proffer?
```

1       THE DEFENDANT: No, Your Honor.

2       THE COURT: Do you agree that you committed the offense
3  of conspiracy to launder money as set forth in the proffer?

4       THE DEFENDANT: Yes, Your Honor.

5       THE COURT: At this time, Mr. Vasquez, I would like to
6  review the plea agreement with you. Most of the terms we have
7  discussed previously. I will not go over those unless you have
8  some specific questions.

9       You will recall that in paragraph 7 you reached an
10 agreement with the government that they would recommend a two-
11 or three-level reduction for your acceptance of responsibility.
12 In order to receive the recommendation, you have to provide
13 accurate information to the probation office about your relevant
14 offense conduct, you cannot be found to have misrepresented
15 facts to the government before entering into the agreement, and
16 you may not commit any misconduct after entering into the
17 agreement. Do you understand?

18      THE DEFENDANT: Yes, Your Honor.

19      THE COURT: You have also reached an agreement with the
20 government as to how your guidelines should be computed. This
21 is just a recommendation. The Court will make the final
22 decision. You have agreed that the adjusted offense level
23 should be 21. What is the specific offense characteristic in
24 b(ii) and (iii)?

25      MS. HOFFMAN: Your Honor, there's a two-point -- for

```
 1   some reason there's a two-point bump for it being specifically
 2   the statute that he's pled guilty to, the 1956 versus 1957
 3   issues.  And as well, there was a -- we are presuming that
 4   probation will find there is a two-point upward adjustment for
 5   the sophisticated nature of the overall scheme.  Not necessarily
 6   this defendant's role in it, but the nature of the overall
 7   scheme.
 8            THE COURT:  Did you discuss the calculation in the plea
 9   agreement with your lawyer?
10            THE DEFENDANT:  Yes, Your Honor.
11            THE COURT:  Ordinarily an individual has the right to
12   appeal the sentence imposed.  In paragraph 10, you have given up
13   your right to appeal unless the sentence exceeds the maximum
14   permitted by statute or is the result of an upward departure.
15   Also, if the government elects to appeal, you will be released
16   from your appellate waiver.  These are the only three instances
17   in which you would be able to appeal the sentence imposed.  Do
18   you understand you are giving up essentially your right to
19   appeal except as I noted?
20            THE DEFENDANT:  Yes, Your Honor.
21            THE COURT:  You have also given up your right in
22   certain funds in this case as set forth in paragraph 11.  You
23   are agreeing that you will not challenge the government's
24   forfeiture of the $3,675 which was seized on August 6 of 2009.
25            MS. HOFFMAN:  Your Honor, I apologize.  That is purely
```

```
 1   a typo by the government.  The forfeiture provision pertains
 2   to -- there's a generalized forfeiture provision in the
 3   indictment.  It pertains to a very vast figure.  It's millions
 4   of dollars because of the nature of the overall fraud.
 5            I intended there to be the appellate provision, and in
 6   proofreading it, I glazed, I guess, right over this.  There is
 7   not that precise item of monies.  So the line that starts "to
 8   wit" would need to be redacted, Your Honor.  It's just
 9   addressing the generalized money, if the government should ever
10   manage to actually obtain hold of it.  We do not currently have
11   it.  And I apologize for the error.
12            THE COURT:  All right.  Sir, in paragraph 11, the last
13   phrase beginning with "to wit" is crossed out of your agreement.
14   You have given up your right to any of the funds seized by the
15   government in the investigation of this case.  Do you
16   understand?
17            THE DEFENDANT:  Yes, Your Honor.
18            THE COURT:  You have agreed that the government may
19   obtain an order of forfeiture for all of the properties seized
20   in this case.  Do you understand?
21            THE DEFENDANT:  Yes, Your Honor.
22            THE COURT:  Is there a letter agreement in this case?
23            MS. HOFFMAN:  There is not, Your Honor.  However, there
24   is a particular issue that I had said to Mr. Houlihan he could
25   bring up, but I'd be happy to articulate as well.  This
```

1  defendant was extradited.  As this Court is well aware, you and
2  I have been doing an 18-defendant case, and I represented to
3  Mr. Houlihan the manner in which we've been handling the
4  sentences in these extradition -- the Court's been handling the
5  sentences in these extradition matters, and represented that I
6  anticipated the same would be true, which is, this defendant has
7  spent more than a year -- and we'll know the exact date by
8  sentencing, amount of time by sentencing, Your Honor -- in
9  custody in Mexico in process to be extradited to the United
10 States.  He's been in custody since I believe January of 2009.
11         MR. HOULIHAN:  2008.
12         MS. HOFFMAN:  8, excuse me, 2008.  And I anticipate
13 that when the Court sentences this gentleman, you will -- I
14 represented to Mr. Houlihan and Mr. Vasquez that when you
15 sentence, I would anticipate that you would determine a
16 sentencing of whatever many months and then reduce that sentence
17 for the time he has served, making special notice in the J and C
18 of how you reached that calculation so that there's not a double
19 counting of that time.  So that representation I did not try to
20 memorialize in the plea agreement, but I have explained that
21 pattern of conduct to Mr. Houlihan, Your Honor, and his client.
22         THE COURT:  Are counsel aware of any other agreements
23 other than as stated by the Assistant U.S. Attorney?
24         MR. HOULIHAN:  No, no other agreements, Your Honor.
25         THE COURT:  Mr. Vasquez, are you aware of any

1   agreements other than those in the written plea agreement and
2   the one item explained by the Assistant U.S. Attorney regarding
3   credit for time served in Colombia?
4           MR. HOULIHAN:  Mexico, Your Honor.
5           THE DEFENDANT:  No, no.
6           THE COURT:  Has anyone attempted to force you to plead
7   guilty in this case, sir?
8           THE DEFENDANT:  No, Your Honor.
9           THE COURT:  I will give you one last opportunity to
10  consult with your lawyer.  When you advise me that you are ready
11  to proceed, I intend to accept your plea of guilty.  Counsel,
12  let me know when you are ready to proceed.
13      (Brief off-the-record discussion between Mr. Houlihan and
14  the defendant.)
15          THE DEFENDANT:  I'm ready.
16          THE COURT:  How do you plead to Count 42 of the
17  indictment, guilty or not guilty?
18          THE DEFENDANT:  Guilty.
19          THE COURT:  It is the finding of the Court in the case
20  of the <u>United States of America versus Vasquez Estrada</u>, first
21  name Leonardo, that the defendant is fully competent and capable
22  of entering an informed plea, and his plea of guilty is a
23  knowing and voluntary plea supported by an independent basis in
24  fact containing each of the essential elements of the offense
25  alleged.  Your plea is accepted.  You are adjudged guilty.

```
 1              Sentencing in this cause is scheduled for Thursday,
 2   July 29th, 2010, at 2:30 p.m.  I note that this is a very short
 3   period of --
 4              COURTROOM DEPUTY:  We were supposed to have the
 5   sentencing today, Judge, but with the memorandum.
 6              MS. HOFFMAN:  We weren't able to get the memorandum
 7   done.  But Your Honor, on that particular day, I will be out of
 8   the jurisdiction, so if we could either move it back a day or
 9   two or forward, just that particular -- that day and Friday, I
10   will be out of the jurisdiction.
11              MR. HOULIHAN:  Your Honor, I've got a -- I've got a
12   trip planned for the following week.
13      (Off-the-record discussion between Courtroom Deputy Foster
14   and the Court.)
15              THE COURT:  Have you met with probation?
16              MS. HOFFMAN:  Your Honor, I have spoken with probation
17   briefly.  We have a meeting scheduled for next week to provide
18   them the remainder of the materials that they needed for this
19   report.  The agent on this case and I will be out of the country
20   the week of the 19th through the 23rd on a related matter and
21   then I'll be out of the jurisdiction on that Thursday and
22   Friday.  I apologize.
23              THE COURT:  What about the 26th?
24              MS. HOFFMAN:  I'll be here.
25              THE COURT:  Counsel?
```

```
 1            MR. HOULIHAN:  Judge, I will be here until the 29th.
 2            THE COURT:  So why don't we schedule it for Monday, the
 3   26th of July at 1 p.m.
 4            MS. HOFFMAN:  That's fine, Your Honor.  Thank you.  I
 5   appreciate it.
 6            THE COURT:  July 26, which is a Monday, at 1:30.  Let's
 7   make it 1:30 p.m.
 8            MS. HOFFMAN:  Certainly, Your Honor.
 9            THE COURT:  Anything further by the parties?
10            MR. HOULIHAN:  No, Your Honor.
11            THE COURT:  Thank you very much.  Have a good weekend.
12   We are in recess.
13            MS. HOFFMAN:  Thank you.
14            MR. HOULIHAN:  Thank you, Your Honor.
15               (Proceedings concluded at 3:04 p.m.)
16                        *   *   *   *   *
17
18
19
20
21
22
23
24
25
```

```
 1   UNITED STATES OF AMERICA                           )
                                                        )   ss:
 2   SOUTHERN DISTRICT OF FLORIDA                       )

 3

 4                    C E R T I F I C A T E

 5        I, Carly L. Horenkamp, Certified Shorthand

 6   Reporter in and for the United States District Court for the

 7   Southern District of Florida, do hereby certify that I was

 8   present at and reported in machine shorthand the proceedings had

 9   the 9th day of July, 2010, in the above-mentioned court; and

10   that the foregoing transcript is a true, correct, and complete

11   transcript of my stenographic notes.

12        I further certify that this transcript contains

13   pages 1 - 18.

14        IN WITNESS WHEREOF, I have hereunto set my hand at Miami,

15   Florida, this 5th day of August, 2010.

16

17

                         s/ Carly Horenkamp
18                       _____
                         Carly L. Horenkamp, RMR, CRR
19                       Certified Shorthand Reporter

20

21

22

23

24

25
```