UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 1:08-CR-20097–GRAHAM

UNITED STATES OF AMERICA

        Plaintiff,

v.

CASA DE CAMBIO PUEBLA, S.A.,
JOSE A. GUTIERREZ DE VELASCO HOYOS,
AMADOR CORDERON VASQUEZ,
PEDRO ALFONSO ALATORRE DAMY,
    a/k/a "Pedro Barraza Urtusuástegui," and
LEONARDO VASQUEZ ESTRADA,

        Defendants.
_____/

## REQUEST FOR COURT'S ISSUANCE OF PRELIMINARY ORDER OF FORFEITURE AND REQUEST TO FILE PETITION FOR ANCILLARY HEARING

Petitioner, Jorge Olmedo Chauviere, by and through his counsel, Michelle A. Estlund, files this Request for Court's Issuance of Preliminary Order of Forfeiture and Request to File Petition for Ancillary Hearing, in the above styled case, as follows:

1. Jorge Olmedo Chauviere ("Mr. Olmedo") files in this Court this Request pursuant to Title 21, United States, Section 853(n).

2. The instant case has been pending since 2008 and the remaining individual defendant is a fugitive. The other individual defendants have been sentenced. Mr. Olmedo's funds, as described in the attached Petition, have been held by the U.S. government for over five years.

3. Attached is the Petition for Ancillary Hearing which the Petitioner seeks to file.

WHEREFORE, Mr. Olmedo prays this Court to issue a Preliminary Order of Forfeiture and grant his Request to File Petition for Ancillary Hearing.

DATED: May 10, 2013.

                Respectfully submitted,

                _____/s/_____
                MICHELLE A. ESTLUND, ESQ.
                Estlund Law, P.A.
                147 Sevilla Avenue
                Coral Gables, FL 33134
                Fla. Bar No. 0065927
                (305) 448-0077
                mestlund@estlundlaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10TH day of May, 2013, I electronically filed the foregoing with the Clerk of the Court through its CM/ECF system which will send a notice of electronic filing to all parties of record.

                _____/s/_____
                MICHELLE A. ESTLUND, ESQ.
                Estlund Law, P.A.
                147 Sevilla Avenue
                Coral Gables, FL 33134
                Fla. Bar No. 0065927
                (305) 448-0077
                mestlund@estlundlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 1:08-CR-20097–GRAHAM

UNITED STATES OF AMERICA

        Plaintiff,

v.

CASA DE CAMBIO PUEBLA, S.A.,
JOSE A. GUTIERREZ DE VELASCO HOYOS,
AMADOR CORDERON VASQUEZ,
PEDRO ALFONSO ALATORRE DAMY,
    a/k/a "Pedro Barraza Urtusuástegui," and
LEONARDO VASQUEZ ESTRADA,

        Defendants.
_____/

## PETITION FOR ANCILLARY HEARING

Petitioner, Jorge Olmedo Chauviere, by and through his counsel, Michelle A. Estlund, petitions this court for an ancillary hearing pursuant to Title 21, United States, Section 853(n) and asserts his legal interest as an innocent third party with respect to property which the government alleges is subject to forfeiture to the United States, in the above styled case, as follows:

1. Jorge Olmedo Chauviere ("Mr. Olmedo") asserts his legal interest in U.S. $64,000.00 of the funds seized by the U.S. government in the instant case. He is the owner of said funds and he requests that the funds be returned to him.

2. Three of the five defendants in this case have been sentenced, and one individual remains on a fugitive status. The other remaining defendant is a corporate defendant.

1

3. Mr. Olmedo is a music teacher and vendor of musical instruments, and has been so employed for approximately 30 years. [All assertions made herein are supported in detail in the attached Summary of Events (Exhibit A); Timeline of Events (Exhibit B); and Evidentiary Exhibits.]

4. Mr. Olmedo acquired the subject funds from his own retirement account and from his wife's account and combined them to have enough money to buy musical instruments.

5. Due to contradictory instructions regarding the wire transfer for the purchase of the instruments, Mr. Olmedo's funds could not be credited to the correct beneficiary, and the musical instrument supply company attempted to return Mr. Olmedo's funds to him so that he could be re-send the wire transfer to the correct beneficiary.

6. The wire transfer was effected with HarrisBank of New York acting as the intermediary bank. The musical instrument company confirmed that the it had returned the funds and expressed shock at the fact that funds were not made available to Mr. Olmedo.

7. In the time between the wire transfers at issue, the DEA had requested and received a freeze on all of assets in the possession of Casa de Cambio Puebla, including Mr. Olmedo's funds, pursuant to arrest warrant 07-3354-JJO.

8. The right and interest in the subject $64,000.00 are vested in Mr. Olmedo alone, and not in any other parties, entities or individuals related or unrelated to this case, either at the time of the commission of any crimes by any defendants in this case, or at any other time.

WHEREFORE, Mr. Olmedo prays that this Court enter an Order restoring ownership in the U.S. $64,000.00 to Mr. Olmedo.

DATED: May 10, 2013.

Respectfully submitted,

_____/s/_____
MICHELLE A. ESTLUND, ESQ.
Attorney for Petitioner
Estlund Law, P.A.
147 Sevilla Avenue
Coral Gables, FL 33134
Fla. Bar No. 0065927
(305) 448-0077
mestlund@estlundlaw.com

**DECLARATION**

I declare under penalty of perjury that the foregoing is true and correct.

_____
Jorge Olmedo Chauviere

Executed on May 9, 2013, at  PUEBLA, MÉXICO  (location).

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10TH day of May, 2013, I electronically filed the foregoing with the Clerk of the Court through its CM/ECF system which will send a notice of electronic filing to all parties of record.

By:  _____/s/_____

Michelle A. Estlund, Esq.
Estlund Law, P.A.
147 Sevilla Avenue
Coral Gables, FL 33134
Fla. Bar No. 0065927
(305) 448-0077
mestlund@estlundlaw.com

3

**EXHIBIT A**

# SUMMARY OF EVENTS[1]

### 1. Background of Centro Music Olmedo and Jorge Olmedo
Jorge Olmedo has maintained a musical instrument business called Centro Musical Olmedo for over 30 years. The business includes the sale of instruments and other music-related items to the public. Mr. Olmedo has no criminal record anywhere.

### 2. Agreement to purchase musical instruments led to transfer of funds
In October of 2007, after some communication with a Chinese musical instrument supply company called Jinbao Music, Mr. Olmedo received instructions for placing an order and making payment to the company.

Mr. Olmedo received contradictory instructions regarding the name of the company for placement of the order and the name for the bank and wire information. The contradiction in instructions created the confusion that resulted in Mr. Olmedo's funds eventually being seized along with all assets held by Casa de Cambio. The instructions said:

> *If possible please transfer payment to below bank account, because we are going to use our branch company Tianjin Risetone Musical Instruments Co., LTD to export you the order.*
>
> *Below is bank information:*
> *Beneficiary name: TIANJIN JINBAO MUSICAL INSTRUMENTS CO., LTD.*
>
> *Beneficiary bank: BANK OF CHINA TIANJIN BRANCH BAODI SUB-BRANCH*
>     *Account No.: 8               4*
>     *SWIFT: BKCHCNBJ200*

Mr. Olmedo followed the instructions listed under bank information, and as such did not send the payment with "Tianjin Risetone Musical Instruments Co, LTD" as the beneficiary. He arranged for a transfer of the agreed upon funds (688,640 Mexican pesos / U.S. $64,000.00) from Casa de Cambio to the Tianjin company; the transfer occurred on 10/29/2007 and was accomplished with the assistance of intermediary bank, HarrisBank.

### 3. Erroneous beneficiary name caused return of funds
Two days later, the Tianjin company contacted Mr. Olmedo to say that its bank received the funds but that its account could not be credited because the beneficiary was not listed as Rianjin Risetone Musical Instruments Co., LTD. The money was returned to Casa de Cambio via HarrisBank, with a service fee of $25.00 being charged.

In the time between the transfer of the funds at issue, the DEA had requested and received a freeze on all of Casa de Cambio's assets, including Mr. Olmedo's funds, pursuant to arrest warrant 07-3354-JJO. Mr. Olmedo searched for his funds for years and was finally advised by a representative of HarrisBank in September of 2011 that his funds had been released to the U.S. government on 11/15/07. The last of the three apprehended defendants was sentenced in April of 2013.

---

[1] This is a summary only. The documents supporting the statements in the summary are attached as exhibits to the timeline of events for ease of reference.

1

4. **Distinctions between alleged criminal transfers and Mr. Olmedo's transfer:**

a. Time frame:

   The indictment in case 1:08-cr-20097-DLG alleges that the criminal defendants transferred monies to the U.S. from outside the U.S. with the intent to promote illegal activity. Those transfers occurred from approximately September of 2003 through July of 2007.

   Mr. Olmedo's funds were transferred several months outside the last of those dates, in October and November of 2007.

b. Receiving bank account:

   In every single allegedly illegal transfer, the receiving bank was a either a Bank of America account in Oklahoma City, Oklahoma or an International Bank account in Oklahoma City, Oklahoma.

   Mr. Olmedo's funds were received by a bank in China and never had any contact with any bank in Oklahoma City. The intermediary bank was Harris Bank, in New York.

**EXHIBIT B**

## TIMELINE OF EVENTS AND SUPPORTING DOCUMENTATION

| Date | Event | Exhibits & Evidence of Event (*translations are found behind Spanish originals*) |
|---|---|---|
| Since early 1980's | Olmedo maintains musical instrument business Called Centro Musical Olmedo for 30 years. He has no criminal record at all. | 1. Business Audits<br>2. Business license, tax records<br>3. Background check |
| 10/25/2007 | Olmedo received instructions for placing order and making payment to Tianjin company (instructions contradict the provided bank and wire information, thus creating confusion)<br><br>Bank account and SWIFT code provided by Tianjin | 4. E-mail dated 10/25/07 |
| 10/29/2007 | Olmedo's deposits 500,000 (pesos) check into his Santanter account ; this was transferred from his Santander account to Casa de Cambio's Santander account | 5. Account history "A"<br>6. Deposit slip |
| 10/29/2007 | Olmedo transferred 188,640 pesos from retirement account at BBVA Bancomer to Casa de Cambio's Bancomer account to be added to the 500,000 loaned pesos to reach 688,640 total pesos (equivalent to U.S. $64,000.00) | 7. Transfer slip dated 10/29/2007 |
| 10/29/2007 | Casa de Cambio Puebla facilitated transfer of U.S. $64,000.00 (at an exchange rate of 10.7600 to equal 688,640.00 Mexican pesos) from Olmedo to Bank of China, SWIFT No. BKCHCNBJ200. | 8. Transaction form dated 29/Oct./2007 from Casa de Cambio Puebla |
| 10/31/2007 | $500,000 withdrawn from Olmedo's Santander account in form of check to Casa de Cambio Puebla; this is when the check was processed After the transfer was done | 5. Account history "A" showing tax ID of Casa de Cambio |
| 10/31/2007 | Tianjin company advises its bank received funds, but its account cannot be credited due to beneficiary name being listed as "Jianbo Musical Instruments Co." and not "Rianjin Risetone Musical Instruments Co., Ltd."<br><br>Money returned to Harris Bank so that it can be re-sent under proper account name of "Rianjin Risetone Musical Instruments Co., Ltd." | 9. E-mail dated 10/31/2007 |

| Date | Event | Exhibit |
|---|---|---|
| 11/6/07 | $2,677,636.25 in U.S. funds seized from Casa de Cambio accounts at HarrisBank, N.A. | 10. Court order to preserve property dated 2/14/08 |
| 11/18/07: | As per request, payment returned to HARR US44 Refund in amount of $63,980.00 (64k minus $20 fee) wired from Tianjin's bank to New York bank; wire number 4                                C<br><br>SWIFT form provides proof that Harris Bank was the intermediary. | 11. SWIFT form |
| 11/18/07 | Jinbao music is advised by its bank that the funds were returned to Olmedo's bank on 11/14 based on the bank's instruction to return the funds | 12. E-mail dated 11/18/07 from Emily Wang |
| 3/20/2008 | Tianjin representative advises Olmedo of refund Transfer from Tianjin's bank to New York bank and expresses surprise that Olmedo had not yet received it; wire transfer number matches that on SWIFT form. | 13. E-mail dated 3/20/2008 |
| 7/19/2011 | Olmedo informed by Horacio Isais of Harris Bank that they had confirmed that they were seized by U.S. government | 14. E-mail dated 7/19/2011 |
| 9/6/2011 | Olemdo communicates with Horacio Isais of Harris Bank to determine location of his funds | 15. Various e-mails |
| 9/25/2011 | Olmedo informed by Mr. Isais that funds were seized with Case de Cambio Exchange accounts | 15. E-mail dated 9/25/2012 by Horcio Isais, AVP, BMO Financial Group |
| 9/28/2011 | Olmedo informed by Horacio Isais of Harris Bank that his funds were released to U.S. gov't On 11/15/2007 and that Harris Bank is investigating How the funds were released | 15. E-mail dated 9/28/2011 |
| 9/29/2011 | Olmedo informed by Horacio Isaid of Harris Bank that his funds were seized by DEA pursuant to arrest warrant 07-3354-JJO, issued by the U.S. Southern District of Florida | 15. E-mail dated 9/29/2011 |