**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 08-20097-CR-GRAHAM**

**UNITED STATES OF AMERICA**

**vs.**

**PEDRO ALFONSO ALATORRE DAMY,**

　　　　**Defendant.**

_____/

**UNITED STATES' MOTION FOR SECOND PRELIMINARY ORDER OF**
**FORFEITURE, AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Pursuant to 18 U.S.C. § 982(a)(1), 21 U.S.C. § 853(p), and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States of America (the "United States") hereby moves for a Second Preliminary Order of Forfeiture in the above-captioned matter.   The United States seeks to forfeit $108,093.15 in U.S. currency seized from six accounts at SunTrust Bank and a café business in downtown Miami in satisfaction of a forfeiture money judgment entered against Defendant Pedro Alfonso Alatorre Damy.   In support of this motion, the United States provides the following legal and factual bases and the attached exhibits.

**I.　　FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

　　　　**A.　　Indictment and Criminal Conviction**

　　2.　　On or about February 1, 2008, a federal grand jury indicted Casa de Cambio Puebla ("CDC Puebla"), Pedro Alfonso Alatorre Damy, also known as "Pedro Barraza Urtusuastegui," ("Alatorre Damy"), Jose Gutierrez de Velasco Hoyos ("Gutierrez"), Amador Cordero Vazquez ("Cordero"), and Leonardo Vazquez Estrada ("Estrada") (collectively, the "Defendants") on 54

counts of narcotics trafficking and money laundering charges, in violation of 21 U.S.C. §§ 952, 959, 963 and 18 U.S.C. § 1956.   *See* Indictment, ECF No. 3.

        3.      The Indictment contained forfeiture allegations, which alleged that upon conviction of Counts 3 through 54 of the Indictment, which charged violations of 18 U.S.C. § 1956, the Defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense, or any property traceable to such property.  *See id.* at 10. The Indictment provided notice that property subject to forfeiture included, but was not limited to:

      (i)      the sum of $170,000,000.00 in U.S. currency, representing the amount of money involved in the money laundering offense and/or proceeds obtained as a result of the illegal narcotics offenses, or the conspiracy to commit such offenses, for which the Defendants are jointly and severally liable;

      (ii)     the sum of approximately $10,885,089.48 in U.S. currency, seized from the accounts of CDC Puebla at Wachovia Bank, N.A., on or about May 17, 2017;

      (iii)    the sum of approximately $12,616.45 in U.S. currency, seized from the accounts of CDC Puebla at Wachovia Bank, N.A., on or about May 17, 2017; and

      (iv)    the sum of approximately $2,677,636.25 in U.S. currency, seized from the accounts of CDC Puebla at Harris Bank, N.A., on or about November 6, 2007 ("Harris Bank Funds"); and

      (v)     one 1973 Turbo Commander 690 Aircraft, bearing tail number N68TD, seized on or about April 25, 2007.

*Id.* at 11.   In addition, the Indictment provided notice that, pursuant to 21 U.S.C. § 853(p), the United States intended to seek the forfeiture of substitute property if any of the directly forfeitable property, or any portion thereof, as a result of any act or omission of any of the Defendants:

      (A)    cannot be located upon the exercise of due diligence;

      (B)    has been transferred, or sold to, or deposited with a third party;

      (C)    has been placed beyond the jurisdiction of the Court;

(D)     has been substantially diminished in value; or

(E)     has been commingled with other property which cannot be subdivided without difficulty.

*Id.* at 11-12.

4.      On or about February 20, 2013, pursuant to a written plea agreement, Alatorre Damy pleaded guilty to conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) and as charged in Count 42 of the Indictment.   *See* Minute Entry, ECF No. 77; Alatorre Damy's Plea Agreement, ECF No. 79.

5.      In his plea agreement, the Defendant knowingly and voluntarily agreed that upon acceptance of his guilty plea, to forfeit his interest in the property sought for forfeiture by the government and to waive his right to a jury trial on the issue of forfeiture as well as all, constitutional, legal, and equitable defenses to the forfeiture of the property.   *See* Alatorre Damy's Plea Agreement ¶¶ 11-16, at 5-6.   He also waived further notice of forfeiture, and knowingly and voluntarily agreed to the entry of an order of forfeiture of property to the United States.   *See id.*

6.      On or about August 6, 2014, pursuant to a written plea agreement, CDC Puebla also pleaded guilty to conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) and as charged in Count 42 of the Indictment.   *See* Minute Entry, ECF No. 160; CDC Puebla's Plea Agreement, ECF No. 162.

7.      In their respective factual proffers, CDC Puebla and Alatorre Damy both admitted that they knowingly conducted financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, ownership and control of the proceeds of specified unlawful activity.   CDC

Puebla and Alatorre Damy also admitted that the specified unlawful activity was an offense against

a foreign nation involving fraud, or any scheme or attempt to defraud by or against a foreign bank.

*See* Alatorre Damy's Factual Proffer, ECF No. 78; CDC Puebla's Factual Proffer, ECF No. 161.

8.     Specifically, Alatorre Damy admitted that the following:

From in or about 2003, and continuing until in or about November 2007, the defendant participated with other defendants in laundering money.  From at least 2006, **ALATORRE DAMY** began working for Casa De Cambio Puebla as an independent contractor.  During this time, a number of persons working at Casa De Cambio Puebla began conducting monetary transactions using false and fraudulent identities for the sender of money transfers.  The moneys were wired transferred to the United States, England, Hong Kong, Panama, Venezuela, and Switzerland.   More specifically, in 2006 and 2007, **ALATORRE DAMY** laundered and/or assisted in the laundering of more than $1,000,000.  **PEDRO ALFONSO ALATORRE DAMY** has acknowledged his role in the money laundering conspiracy as describe more fully in this factual resume.

*See* Alatorre Damy's Factual Proffer 2.

**B.     Prior Orders of Forfeiture**

9.     On or about January 15, 2014, the Court entered an Order of Forfeiture, which

forfeited, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1) and 28 U.S.C. § 2461(c), all right, title,

claim and interest of Alatorre Damy and Cordero in the following property:

(a)     the sum of $170,000,000.00 in U.S. currency, representing the amount of money involved in the money laundering offense (hereinafter "Forfeiture Money Judgment");

(b)     the sum of approximately $10,885,089.48 in U.S. currency, seized from the accounts of Casa de Cambio Puebla, S.A. at Wachovia Bank, N.A., on or about May 17, 2017 ("First Wachovia Bank Seizure Funds");

(c)     the sum of approximately $12,616.45 in U.S. currency, seized from the accounts of Casa de Cambio Puebla, S.A. at Wachovia Bank, N.A., on or about May 17, 2017; and

(d)     the sum of approximately $2,677,636.25 in U.S. currency, seized from the accounts of Casa de Cambio Puebla, S.A. at Harris Bank, N.A., on or about November 6, 2007 ("Harris Bank Funds").

*See* Order of Forfeiture 4-5, ECF No. 106.

10.     On or about June 23, 2014, the Court entered an Amended Order of Forfeiture, which authorized the release of $64,000 in U.S. currency from the Harris Bank Funds to Jorge Olmedo Chauviere, who filed a third-party petition claiming a superior interest in the funds.   *See* Am. Order of Forfeiture, ECF No. 154.

11.     On or about October 28, 2014, the Court entered a Final Order of Forfeiture, which forfeited $7,431,238.20 in U.S. currency of the First Wachovia Bank Seizure Funds and authorized the release of $6,080,103.98 in U.S. currency to Defendant Casa de Cambio Puebla via its counsel. *See* Final Order of Forfeiture 5, ECF No. 170.

12.     Accordingly, approximately $162,568,761.80 in U.S. currency of the Forfeiture Money Judgment remains to be satisfied.

C.     **Subject Funds and Subject Café**

13.     On or about April 11, 2013, Alatorre Damy was sentenced to two years of supervised release and time served.   *See* Minute Entry, ECF No. 92; Alatorre Damy's Judgment, ECF No. 93.   At the time of his conviction, he reported that he had no available assets.   *See* Alatorre Damy's Presentence Investigation Report ¶¶ 48-49, at 11, ECF No. 89.

14.     Approximately a year after Alatorre Damy was sentenced, beginning on or about March 7, 2014, and continuing through at least September 30, 2015, approximately 220 travelers cheques issued by American Express, each in the amount of $1,000 in U.S. currency, were deposited into the following eight accounts at SunTrust Bank associated with Alatorre Damy (collectively, the "SunTrust Accounts"):

| DEPOSIT OF TRAVELERS CHEQUES (3/7/2014 – 9/30/2015) | | | | |
|---|---|---|---|---|
| # | Acct No. | SunTrust Account Name | Qty. | USD Value |
| 1 | 2483 | Pedro Alatorre Damy ( "SunTrust Account No. 2483") | 17 | $17,000.00 |
| 2 | 3390 | Alatorre-Damy LLC ("SunTrust Account No. 3390") | 1 | $1,000.00 |
| 3 | 2147 | Tahyri Diaz Molina ("SunTrust Account No. 2147") | 23 | $23,000.00 |
| 4 | 1972 | Tahyri Diaz Molina ("SunTrust Account No. 1972") | 35 | $35,000.00 |
| 5 | 2152 | Bertha Patricia Damy de Gonzalez ("SunTrust Account No. 2152") | 12 | $12,000.00 |
| 6 | 1279 | Bertha Patricia Damy de Gonzalez ("SunTrust Account No. 1279") | 18 | $18,000.00 |
| 7 | IOTA 3292 | Gustavo J. Garcia-Montes P.A. ("SunTrust IOTA No. 3292") | 20 | $20,000.00 |
| 8 | IOTA 1980 | Gustavo J. Garcia-Montes P.A. ("SunTrust IOTA No. 1980") | 94 | $94,000.00 |
| | | **TOTAL** | 220 | $220,000.00 |

*See* Love Decl. ¶ 11.

15.     On or about October 16, 2015, pursuant to a seizure warrant authorized by U.S. Magistrate Judge Edwin Torres, a DEA Special Agent seized all funds from the SunTrust Accounts.   *See* Case No. 15-MJ-03349-TORRES.

16.     A total of approximately $108,093.15 in U.S. currency was seized from SunTrust Account No. 2483, SunTrust Account No. 3390, SunTrust Account No. 2147, SunTrust Account No. 1972, SunTrust Account No. 2152, and SunTrust Account No. 1279 (the "**Subject Funds**"). *See* Love Decl. ¶¶ 10-39.

17.     Based on information obtained subsequent to the seizure, funds traceable to the American Express travelers cheques deposited into SunTrust IOTA No. 3292 and SunTrust IOTA No. 1980 were withdrawn to fund the acquisition of Latinos 305 Café ("**Subject Café**"), a business located in downtown Miami at 44 N.W. 1st Street, Miami, Florida 33132.   *See id.* ¶¶ 40-48.

**D.  Revocation of Supervised Release**

18.     Alatorre Damy failed to disclose this financial activity to the U.S. Probation Office, prompting a petition in January 2016 that alleged that he violated the terms of his supervised release by making false statements on his May and June 2014 monthly reports.  *See* Alatorre Damy's SRV Petition, ECF No. 182; Alatorre Damy's Probation Summons, ECF No. 183.

19.     On March 31, 2016, after his final revocation hearing, the Court revoked Alatorre Damy's supervised release, and re-sentenced him to a term of seven months of incarceration, to be followed by 24 months of supervised release.  *See* Alatorre Damy's SRV Judgment, ECF No. 196.

## II.  LEGAL STANDARD

20.     All property, real or personal "involved in" money laundering in violation of 18 U.S.C. § 1956, or any property traceable to such property, is subject to forfeiture to the United States.  18 U.S.C. § 982(a)(1).   Property "involved in" a money laundering offense "includes that money or property which was actually laundered ('the corpus'), along with 'any commissions or fees paid to the launderer[ ] and any property used to facilitate the laundering offense.'"  *United States v. Seher*, 562 F.3d 1344, 1368 (11th Cir. 2009) (quoting and citing *United States v. Puche*, 350 F.3d 1137, 1153 (11th Cir. 2003)).   Funds that are pooled or commingled "to facilitate or disguise [a defendant's] illegal scheme" are forfeitable.   *See id.* (internal quotations omitted).

21.     As part of the defendant's sentence, criminal forfeiture is governed by the preponderance standard.  *See United States v. Hasson*, 333 F.3d 1264, 1277 (11th Cir. 2003).  *See also Libretti v. United States*, 516 U.S. 29, 38-39 (1995) (holding that forfeiture is an "element of the sentence").   Upon finding that property is subject to forfeiture, the Court:

> . . . must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing

the forfeiture of any substitute property if the government has met the statutory criteria.

Fed. R. Crim. P. 32.2(b)(2)(A).   If directly forfeitable property is not available, the Court may order the forfeiture of substitute assets to satisfy a money judgment.   *See* 21 U.S.C. § 853(p); 28 U.S.C. § 2461(c); Fed. R. Crim. P. 32.2(e).   Substitute assets are available for forfeiture upon a showing that, due to a defendant's act or omission, directly forfeitable property:

(A)     cannot be located upon the exercise of due diligence;

(B)     has been transferred or sold to, or deposited with, a third party;

(C)     has been placed beyond the jurisdiction of the court;

(D)     has been substantially diminished in value; or

(E)     has been commingled with other property which cannot be divided without difficulty.

21 U.S.C. § 853(p).   The government may establish such unavailability through an agent's declaration.   *See United States v. Seher*, 562 F.3d 1344, 1373 (11th Cir. 2009).

22.     A third party "cannot have a vested interest in property if he is found to be acting as a nominee for someone whose property is subject to forfeiture."   *United States v. Weiss*, 467 F.3d 1300, 1303 n.1 (11th Cir. 2006) (citing *Braxton v. United States*, 858 F.2d 650, 652-53 (11th Cir. 1988)); *United States v. Henry*, 621 F. App'x 968, 972 (11th Cir. 2015) (similar language). "Nominee connotes the delegation of authority to the nominee in a representative or nominal capacity only, and does not connote the transfer or assignment to the nominee of any property in, or ownership of, the rights of the person nominating him."   *Henry*, 621 F. App'x at 972 (quoting *Weiss*).   *See also* 18 U.S.C. § 983(d)(6) (civil forfeiture statute stating that "a nominee who exercises no dominion or control over the property" cannot be an owner).

**III.    DISCUSSION**

23.     The **Subject Funds** and **Subject Café** (collectively, the "**Subject Assets**") are

8

described more fully as follows:

    (i)   A total of approximately $108,093.15 in U.S. currency, more fully described as (collectively, the "**Subject Funds**"):

        a.   Approximately $1,436 in U.S. currency seized from account number ending in 2483 held by Pedro Alfonso Alatorre-Damy at SunTrust Bank ("SunTrust Account No. 2483");

        b.   Approximately $7,696.19 in U.S. currency seized from account number ending in 3390 held by Alatorre-Damy LLC at SunTrust Bank ("SunTrust Account No. 3390");

        c.   Approximately $1,000 in U.S. currency seized from account number ending in 1972 held by Tahyri Diaz Molina at SunTrust Bank ("SunTrust Account No. 1972");

        d.   Approximately $52,642.17 in U.S. currency seized from account number ending in 2147 held by Tahyri Diaz Molina at SunTrust Bank ("SunTrust Account No. 2147");

        e.   Approximately $43,080.21 in U.S. currency seized from account number ending in 1279 held by Bertha Patricia Damy de Gonzalez at SunTrust Bank ("SunTrust Account No. 1279");

        f.   Approximately $2,238.58 in U.S. currency seized from account number ending in 2152 held by Bertha Patricia Damy de Gonzalez ("SunTrust Account No. 2152"); and

    (ii)  Latinos 305 Cafe, LLC, and all assets of the business located at 44 N.E. 1st Street, Miami, Florida 33132 ("**Subject Café**").

    24.    As set forth in the attached Declaration of DEA Special Agent Austin Love, Alatorre Damy exercised dominion and control over the **Subject Funds**, which are traceable to the deposit of American Express travelers cheques that he signed or personally deposited.   In addition, Alatorre Damy used funds traceable to these American Express travelers cheques to fund the acquisition and operation of the **Subject Café**.   Love's Decl. ¶¶ 10-48.

    25.    Due to the Alatorre Damy's acts or omissions, other directly forfeitable property either cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been

substantially diminished in value; or has been commingled proceeds cannot be divided without difficulty.   *See* Love's Decl. ¶ 51.

26.     Therefore, the United States has satisfied the criteria of 21 U.S.C. § 853(p) to allow for the forfeiture of the **Subject Assets** as substitute property.

27.     On or about September 10, 2016, and January 25, 2017, counsel for the United States contacted, via e-mail, counsel for Alatorre Damy, who represented on September 13, 2016, and January 26, 2017, that Alatorre Damy has no interest in the Subject Assets as they belong to his aunt and the mother of his child.

28.     Any third-party interests in the **Subject Assets** are addressed "[f]ollowing the entry of an order of [preliminary] forfeiture."   21 U.S.C. § 853(n)(1).   "The court must enter the [preliminary order of forfeiture] without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c)."   Fed. R. Crim. P. 32(b)(2)(A).

29.     Accordingly, the Court should issue the attached proposed order, which provides for the forfeiture of the **Subject Assets**; publication of notice of the forfeiture; preservation of property; permission to conduct discovery to locate assets ordered forfeited and/or expedite ancillary proceedings for the adjudication of third-party petitions, if any; and final forfeiture of the property.

WHEREFORE, pursuant to 18 U.S.C. § 982(a)(1), 21 U.S.C. § 853(p), and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States respectfully requests the entry of the attached order.

Respectfully submitted,

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

By: s/ Nalina Sombuntham
  Nalina Sombuntham
  Assistant United States Attorney
  Fla. Bar No. 96139
  99 N.E. 4th Street, 7th Floor
  Miami, Florida   33132-2111
  Telephone:   (305) 961-9224
  Facsimile:   (305) 530-6166
  nalina.sombuntham2@usdoj.gov

## LOCAL RULE 88.9 CERTIFICATION

On or about September 10, 2016, and January 25, 2017, counsel for the United States contacted, via e-mail, counsel for the Alatorre Damy regarding his position on the United States' Motion for Second Preliminary Order of Forfeiture.   On September 13, 2016, and January 26, 2017, counsel for Alatorre Damy represented that Alatorre Damy has no interest in the Subject Assets as they belong to his aunt and the mother of his child.

s/ Nalina Sombuntham
Nalina Sombuntham
Assistant United States Attorney

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically using CM/ECF on April 13, 2017, on all parties of record on the Service List below.

s/ Nalina Sombuntham
Nalina Sombuntham
Assistant United States Attorney

Service List

Kurt K. Lunkenheimer
Assistant United States Attorney
U.S. Attorney's Office
99 N.E. 4th Street
Miami, Florida   33132-2111
Telephone:     (305) 961-9008
kurt.lunkenheimer@usdoj.gov

Nalina Sombuntham
Assistant United States Attorney
U.S. Attorney's Office
99 N.E. 4th Street, 7th Floor
Miami, Florida   33132-2111
Telephone:     (305) 961-9224
Facsimile:     (305) 530-6166
nalina.sombuntham2@usdoj.gov

*Counsel for the United States*

Emmanuel Perez
Emmanuel Perez & Associates PA
901 Ponce de Leon Boulevard, Suite 101
Coral Gables, Florida 33134
Telephone:     305-442-7443
Facsimile:     305-441-9218
courtmail@lawperez.com

*Counsel for the Defendant*